# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**UNSELD NANCE, SR., individually, as the natural**
**father and next friend of UNSELD NANCE,**
**JR.; UNSELD NANCE, SR., individually; and**
**PAMELA FARROW**                                                     **PLAINTIFFS**

v.                      **CASE NO. 3:07-CV-00119 BSM (Lead Case)**

**ERIK SAMMIS, in his individual capacity; JIMMY**
**EVANS, in his individual capacity; WILLIAM**
**JOHNSON, in his individual capacity; ROBERT**
**PAUDERT, in his individual capacity; CITY OF**
**WEST MEMPHIS, ARKANSAS; UNKNOWN**
**WEST MEMPHIS POLICE OFFICERS, in their**
**official capacities;and UNKNOWN ARKANSAS**
**STATE POLICE OFFICERS, in their official capacities**        **DEFENDANTS**

**CONSOLIDATED WITH:**

**DEBRA FARROW, individually, and as**
**co-administrator of the Estate of DeAunte**
**Farrow on behalf of DeAunte Farrow; and**
**ROBIN PERKINS, individually, and as**
**co-administrator of the Estate of DeAunte Farrow**           **PLAINTIFFS**

v.                      **CASE NO. 3:07-CV-00189 JLH (Consolidated Case)**

**ERIK SAMMIS, individually, and in his official**
**capacity as Officer of West Memphis Police Department;**
**JIMMY EVANS, individually, and in his official**
**capacity as Officer of West Memphis Police Department;**
**WILLIAM JOHNSON, individually, and in his official**
**capacity as Mayor of the City of West Memphis, Arkansas;**
**ROBERT PAUDERT, individually, and in his official**
**capacity as Chief of Police of West Memphis Police**
**Department; THE CITY OF WEST MEMPHIS, ARKANSAS**     **DEFENDANTS**

## **ORDER CONSOLIDATING CASES**

Presently before the court is plaintiffs' motion to consolidate cases. In their motion, plaintiffs assert that the instant case, *Nance v. Sammis*, Case No. 3:07-CV-00119 BSM, and *Farrow v. Sammis*, Case No. 3:07-CV-00189 JHL (hereinafter the "*Farrow* case"), should be consolidated for all purposes, including the impending jury trial. Plaintiffs state that the underlying causes of action in both cases hinge on the facts surrounding the shooting of DeAunta Farrow by Officer Erik Sammis in the presence of Unseld Nance, Jr. Plaintiffs also state that plaintiff Unseld Nance, Jr. was walking with his cousin, DeAunta Farrow, when the two boys were confronted by Officers Sammis and Evans.

Plaintiffs note that the two lawsuits allege civil rights violations against virtually the same parties, but that the *Farrow* case also alleges wrongful death. Plaintiffs state that over three-fourths of the witnesses in these cases overlap. Thus, plaintiffs contend that consolidation would promote judicial convenience and economy, as it would prevent repetition of proof at a second trial.

Currently, the trial of this case is set for October 28, 2008. The discovery cutoff was August 13, 2008, and the dispositive motions deadline was August 28, 2008. The *Farrow* case is set for trial on February 9, 2009, and the discovery cutoff is November 26, 2008. Plaintiffs allege, however, that discovery has not been completed in either case, and that, to date, the cases have proceeded as one case. Indeed, counsel in both cases have conducted joint discovery as if the cases were consolidated. The court notes that several of the

deposition cover sheets submitted to the court indicate that the depositions were taken for both cases.

In response, separate defendants Sammis, Evans, Johnson, and Paudert, in their individual capacities, (the "individual defendants") assert that consolidation would be highly prejudicial and would result in unwarranted delay. The individual defendants note that while counsel for plaintiff in this case, Don Trimble, is also listed as an attorney for plaintiff in the *Farrow* case, two attorneys not participating in this case are listed as co-counsel for the plaintiffs in the *Farrow* case. Furthermore, the individual defendants state that there has been no representation that the plaintiffs in the *Farrow* case are aware of this motion or consent to consolidation, as no motion to consolidate was presented in the *Farrow* case.

Separate defendant City of West Memphis ("West Memphis") asserts that while the general incident that gave rise to both claims are the same, the relevant facts necessary to prove each claim are decidedly different. Defendant West Memphis asserts that consolidation may result in a jury misconstruing the evidence and facts for each claim, thus outweighing any judicial economy. Defendant West Memphis also asserts that plaintiffs have been aware of the discovery cutoff date since the issuance of this court's scheduling order, yet failed to avail themselves of all of the opportunities of discovery. Defendant West Memphis contends that the motion is simply an artiface to obtain additional discovery time.

Federal Rule of Civil Procedure 42 provides, "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P.

42(a)(2). "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

The court finds that consolidation is appropriate, as it will greatly serve the interests of judicial economy. Additionally, the consolidation of these cases will avoid the possibility of inconsistent results and will only result in a delay of the *Nance* trial of slightly more than three months. Pursuant to General Order No. 39(c), the consolidated cases will be assigned to the undersigned, and a new scheduling order will be issued.

This ruling necessitates the consideration of another issue. Plaintiffs assert that the motions for summary judgment filed by defendants should be denied pursuant to Federal Rule of Civil Procedure 56(f) because key witnesses, including the investigating officers, Mike Middleton and Dale Arnold of the Arkansas State Police, have not been deposed. Plaintiffs state that the deposition was called off by the Attorney General's office due to a last minute conflict. Plaintiffs also state that the deposition of defendant Johnson occurred on August 21, 2008, and the deposition of Lashaunda P. Massey, Ph.D., Nance's treating psychologist, was taken September 3, 2008. As of September 8, 2008, Plaintiffs state that neither deposition has been transcribed.

Defendants assert that subpoenas were never served to ensure the attendance of Middleton and Arnold, and to date, no subpoenas have been served and no attempt has been made to reschedule these depositions. The court notes that a "Notice of Deposition" set for

July 18, 2008, was sent to Arnold and Middleton. Exhibit to Defendants' Reply to Plaintiffs' Response (Doc. No. 54).

Rule 56(f) provides, "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed. R. Civ. P. 56(f). "To request discovery under Rule 56(f), a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008). Defendants are correct in noting that plaintiffs have failed to submit any affidavit in support of their Rule 56(f) claim.

In that the court is consolidating these cases and the discovery deadline in the *Farrow* case has not yet passed, and due to the fact that defendants have not explicitly denied that counsel for both cases have agreed to and have been conducting joint discovery as if the cases were consolidated, the court will exercise its discretion regarding case management and will allow the parties to proceed with discovery in both cases. Furthermore, the court will hold the pending motions for summary judgment in abeyance, and will allow supplemental briefing by the parties upon the conclusion of discovery in both cases.

Accordingly, plaintiffs' motion to consolidate cases (Doc. No. 46) is granted. The court will issue a new scheduling order. All further pleadings shall be styled as noted above, but filed only in the lead case, 3:07-cv-00119 BSM.

IT IS SO ORDERED THIS 22nd day of September, 2008.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE